BORSKY v. NATIONAL LEAD CO.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—ASSUMPTION OF RISK
   —INSUFFICIENT FORCE FOR WORK—KNOWLEDGE OF DANGER.

   Plaintiff had been employed for a year on certain docks loading and unloading material from vessels by means of a crane and an iron bucket attached thereto. He carried off the material in wheelbarrows after it had been deposited on the docks. He was thoroughly familiar with the details of his employment, and this was the ordinary way of handling such commodities along the docks. He knew that the bucket was swung back and forth every few minutes, and that there was no one employed to give warning signals. *Held*, that defendant was not liable for an injury to plaintiff, resulting from his being struck by the iron bucket as he was loading his wheelbarrow, though no signalman was employed, as he assumed the risk.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 599; Dec. Dig. § 217.*]

2. MASTER AND SERVANT (§ 278) INJURIES TO SERVANT—SAFE PLACE—EVIDENCE
   —SUFFICIENCY.

   In an action for injuries to a servant resulting from his being knocked from a platform by an iron bucket while unloading a vessel, evidence *held* to show that the place in which he worked was safe.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 958; Dec. Dig. § 278.*]

   Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action for personal injuries by John Borsky against the National Lead Company. Judgment for plaintiff; and defendant appeals. Reversed, and a new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

E. W. Webb, for appellant.
Gilbert D. Steiner, for respondent.

WOODWARD, J. The plaintiff was employed with three other men on a platform 18½ feet above a dock on defendant's premises, on Front street, Brooklyn, in removing tan bark from buckets into wheelbarrows. The process consisted of the usual derrick, with a swinging boom and a fall, to which iron buckets, holding about 18 bushels of tan bark, were attached when loaded in the hold of a vessel at the dock, and these were raised by means of a winch, operated by electricity; the machinery being located on the dock. The engineer had control of the winch or revolving drum, and he was so placed that he could watch the work in the vessel, and when the bucket was loaded he would raise the same, and a man standing on the deck of the vessel, with a rope attached, guided the bucket to the dumping place on the platform above the dock, where the four men, among them the plaintiff, dumped the same into wheelbarrows and carried it away. In the course of the work of dumping these buckets into the wheelbarrows, portions of the tan bark would spill out upon the platform, and it was a part of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff's duty to shovel these spillings into his wheelbarrow at inter-vals. On the 22d of June, 1909, the plaintiff, while engaged in shoveling up the loose tan bark from the platfrom, was struck by a descending bucket and pushed off the platform, and fell upon the dock, sustaining injuries for which he has recovered a verdict against the defendant.

The plaintiff had been engaged in this work for over a year. He had been employed at this point two or three days a week during that time, and his testimony shows clearly that he was thoroughly familiar with all of the details of this simple employment. There was some evidence in the case that neither the man who operated the guy rope nor the man who operated the hoisting machinery could see the plain-tiff at the point where he was at work at the moment of the accident, and the defendant's negligence appears to have been predicated upon the fact that there was no one employed to give signals of the hoist-ing, or to warn the plaintiff of his danger. The evidence is decidedly weak upon the proposition that the guyman and winchman could not see the plaintiff. We are of the opinion that it could hardly be held that the plaintiff had sustained the burden of proof in this particular; the evidence tending rather to establish that neither of these men actu-ally did see him at the particular time, rather than that they could not have seen him if they had been operating the machinery with due re-gard to the safety of a fellow servant.

But, however this may be, we are of the opinion that the plaintiff is not entitled to a recovery under the facts disclosed by the evidence, and that the learned court erred in not dismissing the complaint upon the defendant's motion. The fact that there was not a signalman to give the plaintiff warning—and this is the only negligence sug-gested on the evidence—was as well known to the plaintiff as it could have been to the defendant. He had worked there for a year. He had worked there so far as the evidence discloses, with the same kind of a crew, the same kind of an equipment, during a period of 12 months or more, during which time he had been performing the same line of services, and he was not lulled into a sense of security by an understanding that he was to be warned of his danger. Everything about the situation was open and obvious to any man of ordinary in-telligence. He knew that these buckets were coming up every two or three minutes. He knew they were coming up in the same general way that they had come up before, and that they were large and unwieldy, and that they were placed by the combined efforts of the winchman and the guyman. If the men who operated the winch and the guy rope could not see him from their locations, this fact was open and obvious to the plaintiff. He could not fail to know, with a full year of observa-tion, that these men were so placed that they could not see the plat-form where he was at work, and he must, therefore, have assumed the risks of the employment; this action not being under the employer's liability act (Consol. Laws, c. 31).

The plaintiff urges that the place provided for him for the perform-ance of his labor was not reasonably safe; but the evidence discloses no ground for this contention. The platform appears to have had a

rail erected at all points where it did not interfere with the work, and no defect, contributing to the accident, is suggested. The platform was in and of itself absolutely safe, so far as this plaintiff is concerned. No defect in the machinery or appliances is pointed out. Every duty which the master owed in respect to these matters appears to have been fully complied with, and the negligence of the defendant, if there was any, was clearly in the fact that there was no one stationed to give the plaintiff warning of the movements of the buckets; and we have already pointed out that this was open and obvious to the plaintiff, who continued in the employment, knowing the conditions, for a year without ever having suggested to any one, so far as the evidence discloses, that there was any neglect of the master's duty in this regard. Beyond this, there was affirmative evidence in the case that the process used by the defendant was the ordinary way of handling this kind of commodities along the docks, and that no one made use of a signalman under such circumstances.

We are of the opinion that the experiences of the defendant in operating this hoisting apparatus for a year or more in the presence of the plaintiff, without accident of this kind, so far as appears, justified them in continuing the operation on the day of the plaintiff's injury, and that, the latter having continued in the employment knowing that there was no signalman, knowing all of the surroundings as well as the defendant could have known them, it was error to submit the case to the jury.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur except HIRSCHBERG, P. J., who dissents.